```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
                     CAMDEN VICINAGE
```

| | |
|---|---|
| MARCIA COPELAND,<br><br>        Plaintiff,<br><br>   v.<br><br>TOWNSHIP OF PENNSAUKEN,<br><br>        Defendants. | Civil No. 14-2002 (RMB/AMD)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on its own motion. On March 31, 2014, Plaintiff, Marcia Copeland filed a Complaint in this Court citing "Color of Law Abuses 18 USC 241 [sic]." [Docket No. 1]. In addition, Plaintiff's Complaint appears to assert causes of action for what Plaintiff perceives to be "illegal warrants" for grass maintenance. As stated in Plaintiff's Complaint, there have not been any arrests related to these alleged illegal warrants. Plaintiff also asserts complaints related to the issuance of tickets for failure to pull various permits – e.g., "Mr. Lucyk issued a ticket for failing to pull a permit for a dumpster."

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) [A] demand for the relief sought, which may include relief

1

in the alternative or different types of relief. In addition, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 311 (3d Cir. 2009).

As an initial matter, this Court notes that Plaintiff purports to assert her claims pursuant to 18 U.S.C. § 241, which is a criminal statute. As a private citizen, Plaintiff cannot assert a civil cause of action in this Court pursuant to a federal criminal statute. See Kent v. Vickers, 481 Fed. Appx. 709, 711 (3d Cir. June, 5 2012) (affirming the District Court's order which dismissed the complaint and explained that plaintiff, "as a private citizen, did not have the right to bring a criminal case against the defendant nor could she proceed on a civil cause of action based on federal criminal laws.")

Moreover, Plaintiff's vague assertions of the issuance of "illegal warrants," where there are no allegations of false arrest fail to properly demonstrate either a grounds for jurisdiction in this case or to show an entitlement to relief. Accordingly, the Court sua sponte finds that Plaintiff's Complaint fails to meet the requirements of Rule 8 and will dismiss it without prejudice. See Huafeng Xu v. Arpert, 2014 WL 200262, at *2 (D.N.J. Jan. 15, 2014) ("The Court has the power to dismiss claims sua sponte under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." (citing Bintliff-Ritchie v. Am. Reins. Co., 285 F. App'x

2

940, 930 (3d Cir. 2008)); Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980).

FOR THESE REASONS, IT IS on this **14th** day of **April 2014**, hereby

**ORDERED** that the Plaintiff's Complaint is **DISMISSED without prejudice** and the Clerk of the Court is directed to administratively terminate this matter, subject to re-opening as set forth below; and it is further

**ORDERED** that Plaintiff shall have an opportunity to file an amended complaint curing the deficiencies identified by this Court and re-open this matter within twenty (20) days of the date of entry of this Order.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge